# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GI'ANNA KILLIAN,**

    **Plaintiff,**

**v.**                                                                 **Case No:   6:19-cv-233-Orl-40LRH**

**NATIONWIDE MEDICAL LICENSING,
LLC and ALEXIS MCGUIRE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT *RENEWED* MOTION AND MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR APPROVAL OF SETTLEMENT (Doc. No. 17)**
>
> **FILED:**     **May 8, 2019**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

Plaintiff Gi'Anna Killian filed this action on February 6, 2019, alleging that Defendants Nationwide Medical Licensing, LLC and Alexis McGuire violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). On April 22, 2019, the parties informed the Court that they reached a settlement and subsequently filed a joint motion requesting that the Court approve their agreement. Doc. Nos. 14, 15. That motion was denied without

prejudice because (1) the parties had not provided sufficient information on Plaintiff's claimed damages; (2) the agreement contained a non-disparagement clause; and (3) the parties asked that the Court retain jurisdiction to enforce the agreement. Doc. No. 16.

On May 8, 2019, the parties filed a Joint Renewed Motion and Memorandum of Law in Support of Request for Approval of Settlement. Doc. No. 17. They have included with the motion a copy of the fully executed amended settlement agreement. Doc. No. 17-1. In the motion, the parties stipulate to an order approving their settlement and dismissing this case with prejudice. Doc. No. 17, at 5. The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and likely duration of the litigation.

- The state of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

### III. ANALYSIS.

*A. Whether Plaintiff Has Compromised Her FLSA Claim.*

In the joint motion, the parties assert that Plaintiff is not compromising her claims. Doc. No. 17, at 1. Under the terms of the parties' settlement agreement, Defendants will pay Plaintiff a total of $2,000.00, allocated as follows: (1) $100.00 payable to Plaintiff as compensation for her unpaid wages; (1) $100.00 payable to Plaintiff as compensation for her liquidated damages claim; and (3) $1,800.00 to her counsel in attorney's fees and costs. Doc. No. 17-1 ¶ 3A. The parties settled Plaintiff's claims before she filed answers to the Court's interrogatories and before she provided the Court with any information about the value of her claims. Moreover, Plaintiff did not specify in the Complaint any amount of alleged unpaid overtime or identify any precise monetary demand.

In the motion, the parties explain that after Plaintiff filed the complaint, Defendants provided Plaintiff with timesheets, payroll records, and associated calculations that demonstrated that she had only worked 3.52 hours of overtime. *See* Doc. No. 17, at 2. Based on Plaintiff's applicable hourly

rates,[1] Plaintiff's unpaid overtime wages were $90.89. *Id.* Based on these payroll records and calculations, Defendants agreed to pay Plaintiff $100.00 in unpaid wages and $100.00 in liquidated damages. *Id.*; *see* Doc. No. 17-1 ¶ 3A.

Thus, this is not a typical "full compensation case" where the defendant pays the plaintiff all of the unpaid wages and liquidated damages demanded. Indeed, the record before the Court is devoid of any demands. Instead, the parties exchanged preliminary documentation, and Plaintiff adjusted her claims based on information she obtained during the early stages of the litigation. Under these circumstances, the parties have adequately explained their assertion that Plaintiff is receiving full relief. *See, e.g.*, *Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *3 (M.D. Fla. Sept. 26, 2013). Accordingly, based on the parties' representations, I recommend that the Court find that Plaintiff has not compromised her claims within the meaning of *Lynn's Food*.

B. *Attorney's Fees and Costs.*

Pursuant to the parties' agreement, counsel for Plaintiff will receive $1300.00 in attorney's fees and $500.00 in costs. Doc. No. 17 ¶ 3A. The parties state that the amount of attorney's fees represents approximately 4.4 hours of work at $300.00 per hour. Doc. No. 17, at 2.

Because the parties agree that Plaintiff will receive all of the compensation she is arguably due, the amount of attorney's fees and costs to be paid under the settlement agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case. Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorney's fees and costs to be paid are reasonable. *See Caamal*, 2013 WL 5421955, at *5.[2]

---

[1] The motion states that Plaintiff received $16.50 per hour from March 25 through March 31, 2018 and $17.50 per hour from September 16 through September 22, 2018. Doc. No. 17, at 2.

[2] The parties also represent that they agree that the amount of fees is reasonable. They further

### C. *Whether the Settlement is Fair and Reasonable.*

As noted above, Plaintiff is not compromising her claims. "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA." *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at * 1, 4 (M.D. Fla. April 3, 2015) (citations omitted). "If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)); *see also Biscaino v. Ars Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011) ("Full recompense is per se fair and reasonable."). Based on the parties' representation that Plaintiff will receive full compensation, I recommend that the Court find that the settlement is a fair and reasonable resolution of her claims.[3]

## IV. CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Renewed Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. No. 17);

2. **DISMISS** this case with prejudice; and

3. **DIRECT** the Clerk of Court to close the file.

---

represent that the issue of attorney's fees was negotiated separately from and without regard to Plaintiff's recovery. Doc. No. 17, at 4–5. These representations provide another indication that the agreed-upon attorney's fees and costs do not undermine the fairness of the parties' agreement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

[3] The undersigned notes that the renewed settlement agreement no longer contains a non-disparagement clause, and the parties have not requested the Court to retain jurisdiction to enforce the agreement. Doc. No. 17-1.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on May 28, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy